I must respectfully dissent from the decision reached by the majority.
As the majority noted, Uniforms of Youngstown, Inc. was a tenant of the H.L. Libby Corporation at the Colonial Plaza pursuant to a commercial lease. Libby hired Old Time Roofing to repair the roof of the Colonial Plaza and after such repairs were made, Uniforms of Youngstown, Inc. suffered substantial property damage and loss of business due to rainwater leaking through the repaired roof. Appellant, as the insurer for Uniforms of Youngstown, Inc., paid for the damages and then stood in the place of Uniforms of Youngstown, Inc. against Libby and Old Time Roofing by virtue of its right of subrogation.
The court in Jackson v. Franklin (1988), 51 Ohio App.3d 51,53, stated:
 "It is now the almost universal rule that the contractor is liable to all those who may foreseeably be injured by the structure, not only when he fails to disclose dangerous conditions known to him, but also when the work is negligently done." (Emphasis added).
I do not believe, as does the majority, that the premise of Jackson is distinguishable from the case at bar. Applying the rules of common law negligence, I would find that appellee owed a duty to appellant apart from any duty created by contract and that it was foreseeable that appellee's negligent workmanship could damage a tenant of the building under repair.
As such, I would reverse the trial court's judgment and remand this matter for further proceedings.
APPROVED:
 _______________________________ EDWARD A. COX, PRESIDING JUDGE